F. Peter Landsiedel
Paul M. Leisher
LEISHER & LANDSIEDEL P.C.
210 N. Higgins Ave., Suite 226
P.O. Box 18071
Missoula, Montana 59808
Telephone:   (406) 220-6320
Email:        peter@LandL.law
*Attorneys for James Schulteis*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JAMES L. M. SCHULTEIS<br><br>              Plaintiff,<br><br>vs.<br><br>MERRICK GARLAND, Attorney General of the United States, and STEVEN DETTELBACH, Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives,<br><br>              Defendants. | Case No: CV-24-143-BU-TJC<br><br><br>COMPLAINT |

Plaintiff James L. M. Schulteis, through counsel, complains of Defendants as follows:

INTRODUCTION

James L. M. Schulteis ("James") is a lifelong Montanan. James has one felony conviction on his record, and one felony case that was dismissed after a deferred sentence.

In 2012, James received a two year deferred sentence for felony theft from the Gallatin County District Court. James completed his deferred sentence in February of 2014. On April 29, 2014, the Court withdrew James' guilty plea, entered a not guilty plea, and dismissed the case.

James has a felony conviction for Driving Under the Influence ("DUI") from the Gallatin County District Court in 2017. James completed the Montana WATCH program, completed probation, and has otherwise satisfied every condition of his sentence. James has been sober for nearly 8 years now and has had no criminal convictions since his felony DUI.

Despite his sobriety and completion of sentence, James suffers from a federal lifetime ban on possessing firearms due to his Felony DUI conviction. Imposing a lifetime ban on citizens convicted of non-violent felonies, especially after the successful completion of supervision, is unconstitutional under the Second Amendment. The ban further violates the due process guarantees of the Fifth Amendment.

PARTIES, JURISDICTION AND VENUE

1.     Plaintiff James L. M. Schulteis is an individual and citizen of the State of Montana and the United States.

2.     Defendant Merrick Garland ("Mr. Garland") is sued in his capacity as the Attorney General of the United States.  As Attorney General, Mr. Garland is responsible for prosecuting the criminal laws of the United States, and is presently prosecuting the laws complained of in this Complaint.

3.     Steven Dettelbach ("Mr. Dettelbach") is sued in his capacity as the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("BATFE"). In this capacity, Mr. Dettelbach is responsible for enforcing the laws of the United States criminal law, and is presently enforcing the laws complained of in this Complaint.

4.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343, 1346, 2201, and 2202.

5.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1)(B) and (C).

GENERAL ALLEGATIONS

6.     James is over the age of 21, not under indictment, has never been convicted of a felony or misdemeanor crime of domestic violence, is not a fugitive

from justice, is not an unlawful user of or addicted to any controlled substance, has not been adjudicated mentally defective or committed to a mental institution, has not been dishonorably discharged from the military, has never renounced his citizenship, and is not subject to a restraining order from an intimate partner.

7.     On February 22, 2012 James received a two-year deferred sentence for felony theft in the Gallatin County District Court, Cause No. DC-16-11-0136. James hopped on a snowmobile that was not his and took it for a joyride after a night of heavy drinking.  The charge was a nonviolent felony under Montana law. Mont. Code Ann. §§ 46-18-104(3), and 46-23-502(14).

8.     James received a deferred imposition of sentence for his theft conviction.  On April 29, 2014, the Gallatin County District Court withdrew James' guilty plea, entered a not guilty plea, and dismissed the case.

9.     On September 9, 2017, James pleaded guilty to a fourth DUI in Gallatin County District Court, Cause No. DC-16-2016-0119.  The conviction is a non-violent felony under Montana law.   Mont. Code Ann. §§ 61-8-1008, 46-18-104(3), and 46-23-502(14).

10.     In the DUI case, the Court sentenced James to 13 months imprisonment, a two year consecutive suspended sentence, and $5,130.00 in fines and fees.  James completed the WATCh program at the Montana State Prison.

COMPLAINT                                                                                   PAGE 4 OF 10

James completed all terms  of his sentence, and he officially discharged his sentence on September 8, 2020.

11.     As soon as James discharged his sentence, all of his civil rights were restored under state law: "Except as provided in the Montana constitution, if a person has been deprived of a civil or constitutional right by reason of conviction for an offense and the person's sentence has expired. . . the person is restored to all civil rights and full citizenship, the same as if the conviction had not occurred." Mont. Code Ann. § 46-18-801(2)(emphasis added).

12.     James has been sober since April 2, 2016, and has committed no new crimes since his conviction for felony DUI.  James owns a successful construction company.  He has been married to his wife since 2011, and they are raising seven children.

13.     Under 18 U.S.C. § 922(g)(1), James is prohibited from ever possessing a firearm because he has been convicted of "a crime punishable by imprisonment for a term exceeding one year."  James risks a 10 year prison sentence and a $250,000 fine if he possesses a firearm.  18 U.S.C. § 924.

14.     Under 18 U.S.C. § 922(g)(1), James is prohibited from ever receiving a firearm from a Federal Firearms License holder ("FFL") or a private party.

COMPLAINT                                                                                      PAGE 5 OF 10

15.     18, U.S.C. § 922(d)(1) prohibits anyone from transferring firearms or ammunition to anyone whom the transferor has reason to know was convicted of "a crime punishable by imprisonment for a term exceeding one year." Violation of this provision is a felony criminal offense punishable by fine and imprisonment of up to ten years. See 18 U.S.C. § 924(a)(2).

16.     All firearms purchasers within the United States who do not possess an FFL, meaning, virtually all ordinary civilian consumers of firearms, must complete a Form 4473 administered under Defendants' authority, in order to purchase a firearm. 27 C.F.R. § 478.124. Question 21(d) on Form 4473 asks: "Have you ever been convicted in any court of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?"

17.     Defendants instruct FFLs not to sell firearms to anyone who answers "yes" to this question. Indeed, Defendants instruct FFLs to refrain from even running a background check on anyone who answers yes to this question, and simply to deny the transaction on the basis of that answer.

18.     James desires and intends on possessing firearms for all lawful purposes, including self defense.

COMPLAINT                                                                PAGE 6 OF 10

19. The firearms James desires and intends on possessing would be manufactured, distributed, and sold in such a way to affect interstate commerce.

20. It is a novel question if James' deferred sentence for felony theft in 2011 triggers a federal prohibition on firearms possession under 18 U.S.C. 922(g)(1).

21. However, because of his non-violent, 8 year old felony DUI conviction, Defendants prohibit James from possessing firearms, in violation of the Second Amendment to the United States Constitution.

22. James refrains from obtaining and possessing a firearm, from either an FFL or a private party, only because he reasonably fears arrest, prosecution, incarceration and fine, under 18 U.S.C. § 922(g)(1), instigated and directed by Defendants, should he follow through with his plan to obtain a firearm.

## COUNT I: INDIVIDUALIZED, AS-APPLIED CLAIM FOR RELIEF TO KEEP AND BEAR ARMS

23. The preceding paragraphs are incorporated by reference here.

24. James is a reformed citizen who has never been convicted of a violent offense. He has no other attributes that would make him a prohibited person under 18 U.S.C. 922(g), other than a non-violent felony DUI conviction and possibly the dismissed, non-violent, felony theft charge.

COMPLAINT                                                    PAGE 7 OF 10

25.     The right to keep and bear arms is a fundamental right necessary to America's system of ordered liberty.

26.     The Second Amendment of the United State's Constitution protects the right of the people to keep and bear arms.

27.     James is a part of the "people" that the Second Amendment applies to.

28.     James poses no credible threat to the physical safety of anyone in the community, armed or unarmed.

29.     The lifetime ban from possessing firearms, as applied to James, is not consistent with the nation's historical tradition of firearms regulation.

COUNT II: DUE PROCESS VIOLATIONS

30.     The preceding paragraphs are incorporated by reference here.

31.     Before depriving a citizen of rights, the government must follow fair procedures.

32.     In neither his 2011 felony theft case, nor his felony DUI case did James have an opportunity to argue that he should not receive a lifetime ban on exercising his Second Amendment rights.

33.     In neither his 2011 felony theft case, nor his felony DUI case did the Court make a judicial determination that James posed a credible threat to the safety of others.

COMPLAINT                                                              PAGE 8 OF 10

34.    Non-violent felonies triggering an automatic lifetime ban on exercising a constitutionally guaranteed right violates due process as guaranteed by the Fifth and Amendment to the Constitution.

PRAYER FOR RELIEF

WHEREFORE Plaintiff James L. M. Schulteis prays for judgment in his favor and the following relief:

1.    A declaration that 18 U.S.C. § 922(g)(1) cannot be applied against James L. M. Schulteis because of his dismissed, non-violent, felony theft case and non-violent felony conviction for DUI.

2.    A declaration that the application of 18 U.S.C. § 922(g)(1) against James L. M. Schulteis because of his dismissed, non-violent, felony theft case and his non-violent felony conviction for DUI violates the Second Amendment to the United States Constitution.

3.    An order permanently enjoining Defendants, their officers, agents, servants, employees, and all persons in active concert or participation with them who receive actual notice of the injunction, from enforcing 18 U.S.C. § 922(g)(1) against James L. M. Schulteis on the basis of either his dismissed, non-violent felony theft charge or his non-violent felony DUI conviction, and FURTHER directing Defendants to issue James L. M. Schulteis a Unique Personal

Identification Number ("UPIN") under the National Instant Background Check System ("NICS") with which he may purchase firearms, unless James is prohibited from possessing firearms for reasons other than his dismissed, non-violent felony theft case and his non-violent felony DUI conviction.

4.     A declaration that James L. M. Schulteis' dismissed, non-violent felony theft case and his non-violent felony conviction for DUI do not require him to acknowledge a disabling conviction when purchasing firearms;

5.     Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 2412;

6.     Any other further relief that the Court deems just and proper.

DATED this 14th day of October 2024.

LEISHER & LANDSIEDEL P.C.

/s/ F. Peter Landsiedel
F. Peter Landsiedel
*Attorney for Plaintiff*

COMPLAINT                                                    PAGE 10 OF 10